
DA 09-0516

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 194N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

NIEL KELLY MULLARKEY,

      Defendant and Appellant.

APPEAL FROM:   District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDC 2008-136
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Eli M. Parker, Office of the State Public Defender; Missoula,
Montana

            Joslyn Hunt, Chief Appellate Defender; Eileen Larkin, Assistant
Appellate Defender; Helena, Montana

      For Appellee:

            Steve Bullock, Montana Attorney General; Jonathan M. Krauss,
Assistant Attorney General; Helena, Montana

            Leo J. Gallagher, Lewis and Clark County Attorney; Melissa Broch,
Deputy County Attorney; Helena, Montana

Submitted on Briefs:  July 14, 2010

Decided:  August 31, 2010

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court, and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 A Lewis and Clark County jury convicted Neil Mullarkey for three counts of assault on a peace officer and one count of obstructing a peace officer. Mullarkey appeals and argues that the District Court should have dismissed the charges because his commitment to the Montana State Hospital (MSH) (for a psychological examination) violated statutory time limits and, therefore, due process.[1]

¶3 The facts underlying Mullarkey's arrest and subsequent conviction are not central to the issue on appeal and may be briefly summarized. Mullarkey lay in the bed of his pickup, which was parked at a Helena-area gas station. Due to an earlier incident, the gas station manager wanted him to leave and had called the police. Four officers responded, one immediately drew his gun and placed it behind his back. Mullarkey then drew a pocket knife and opened the blade. The officers, noticing the knife, immediately and repeatedly tased Mullarkey, causing him to drop the knife. They arrested him. The State

---

[1] Mullarkey raised three other issues in his opening brief that he expressly withdrew in his reply brief.

2

subsequently charged Mullarkey with three counts of assault on a peace officer and one count of obstruction of a peace officer.

¶4     Prior to trial, Mullarkey was evaluated by a clinical psychologist, to determine whether he was competent to stand trial. The psychologist did not offer an opinion as to whether Mullarkey was fit to proceed and recommended that he be transferred to MSH for further proceedings. Mullarkey's counsel subsequently moved the court pursuant to § 46-14-221, MCA, to order a competency examination at MSH.[2]   Consistent with defense counsel's request, the District Court ordered the examination pursuant to § 46-14-221, MCA. Mullarkey was transported to MSH for examination. Shortly thereafter, Mullarkey's counsel moved to continue the trial date on account of the hospitalization, noting his expectation that "Defendant will remain hospitalized for up to 90 days."

¶5     The MSH doctors filed a report, concluding that Mullarkey was unfit to proceed to trial. However, after a hearing at which Mullarkey testified to his own fitness, the District Court concluded that Mullarkey was fit to proceed to trial and ordered him to be transported back to the Lewis and Clark County Jail. All told, Mullarkey spent 99 days at MSH.[3]

---

[2] Mullarkey's counsel apparently intended to cite § 46-14-202(2), MCA, which provides for fitness examinations "for a period not exceeding 60 days or a longer period that the court determines to be necessary." Tacitly acknowledging this mix-up, Mullarkey's counsel eventually moved (as we note later) to dismiss on the basis that the District Court did not follow the procedure outlined in § 46-14-202(2), MCA.

[3] He was admitted to MSH on July 30, 2008, and the Lewis and Clark County Sheriff's Office returned him to Helena on November 5, 2008, to attend the hearing on his fitness to proceed. The Defense tallies 103 days, while the State tallies 98.

¶6 Approximately one month after the court determined him to be fit for trial, Mullarkey moved to dismiss the charges against him. Mullarkey premised his motion on § 46-14-202(2), MCA, which limits the period of a criminal defendant's commitment to MSH for a fitness examination to 60 days unless a district court determines that more time is needed. Mullarkey argued that his commitment at MSH in excess of the statutorily permitted 60 days violated his right to due process, requiring dismissal. In support of this argument, Mullarkey cited *State v. Tison*, 2003 MT 342, 318 Mont. 465, 81 P.3d 471.

¶7 In response, the State conceded that Mullarkey had been committed at MSH in excess of statutorily allowed limits. However, the State argued that this excess period of commitment was reasonable because Mullarkey did not cooperate with MSH personnel who conducted the examination. Therefore, the commitment did not violate Mullarkey's right to due process. The State also suggested that Mullarkey was at fault for not challenging the length of his commitment until he was released from MSH and filed his motion to dismiss.

¶8 The District Court denied Mullarkey's motion. The court distinguished *Tison* as being limited to cases when a criminal defendant is committed to MSH under § 46-14-221(3), MCA, after being determined to be unfit.

¶9 A Lewis and Clark County jury subsequently convicted Mullarkey on all counts and the court sentenced him. Mullarkey appeals the denial of his motion to dismiss.

¶10 We review de novo a district court's ruling on a motion to dismiss in a criminal case. *State v. Giddings*, 2009 MT 61, ¶ 42, 349 Mont. 347, 208 P.3d 363.

4

¶11 It is well settled that "a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future." *Jackson v. Ind.*, 406 U.S. 715, 738, 92 S. Ct. 1845, 1858 (1972). Here, Mullarkey's counsel initially supported Mullarkey's commitment for 90 days. Thus, the question is whether Mullarkey's commitment for the nine extra days was so unreasonable as to offend due process. We conclude that it does not. The report of the MSH doctors indicates that Mullarkey's uncooperativeness hampered the doctors' examination of him.[4] In light of this, we conclude that Mullarkey's short period of commitment beyond the amount of time recommended by his counsel was not unreasonable.[5]

---

[4] The report reads in part:

> He [Mullarkey] has been only minimally cooperative with efforts to elicit personal information which might contribute to the evaluation process. He has consistently refused to sign releases of information to allow staff to obtain background information from friends and family members. He refused to sign his treatment plan. He refused to sign a simple document acknowledging that he had been advised of his rights. He has refused recommended medical lab testing, a recommended CAT scan, and recommended medication "because I'm here illegally." He has steadfastly maintained that he is not mentally ill and would have no legal problems if he could afford to pay for a better lawyer.

[5] We reject the State's argument that Mullarkey did not timely raise his objection. The State cites no authority for this proposition, merely its own say-so. Because Mullarkey filed his motion to dismiss with the District Court and the District Court ruled on the motion, Mullarkey is not asking this Court to address an issue on which the District Court did not have the opportunity to rule. *See D.R. Four Beat Alliance, LLC v. Sierra Prod. Co.*, 2009 MT 319, ¶ 43, 352 Mont. 435, 218 P.3d 827 ("It is a well-established principle of Montana law that claimed errors must generally be raised in the district court before this Court will consider them on appeal, because it is fundamentally unfair to fault the district court for failing to rule on an issue it did not have the opportunity to consider."). Absent any authority in statute or precedent, we

¶12    We have decided to determine this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions.  It is manifest on the record before us that the District Court did not err in its disposition of this matter.  We therefore affirm.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ JIM RICE
/S/ BRIAN MORRIS

---

decline the State's invitation to erect an arbitrary procedural barrier to the vindication of criminal defendants' constitutional rights.